# *Office of the Chapter 13 Standing Trustee*

### *Isabel C. Balboa, Chapter 13 Standing Trustee†*

*Jane L. McDonald, Counsel*                                     *Jennie P. Archer\**
*Raymond H. Shockley, Jr., Staff Attorney*                       *Kelleen E. Stanley\**
*Jennifer R. Gorchow, Staff Attorney*                         *Lu'Shell K. Alexander\**
                                                    *\*Certified Bankruptcy Assistant*
                                              *†Fellow, American College of Bankruptcy*

July 30, 2019

The Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court
P.O. Box 2067
Camden, New Jersey 08102

>        **RE:     Debtor(s) Name:  Dorothy E. Pawling**
>                **Case No. 17-12105 (JNP)**

Dear Judge Poslusny:

Please accept this letter in lieu of a more formal response to the Application for Compensation returnable August 22, 2019 at 2:00 p.m.

On July 10, 2019, Debtor's counsel filed an Application for Compensation seeking supplemental fees in the amount of $2,620.54, plus costs totaling $34.04, for a total amount of $2,620.54.

Counsel bills 0.3 (18 minutes) for attendance at every Confirmation hearing. Debtor was billed 1.8 hours ($711) for appearances at hearings. Counsel bills Debtor for attendance at Confirmation hearings on Wednesday, April 4, 2018, June 6, 2018, August 1, 2018, October 3, 2018, April 2, 2019 and May 15, 2019.

Debtor's modified plan filed on December 4, 2017, proposed to cure pre-petition mortgage arrears outside the plan through a loan modification to be completed by March 31, 2018. On January 5, 2018, the Court entered an Order Confirming Chapter 13 Plan with a status hearing set for April 4, 2018. Counsel appeared at the status hearing on April 4, 2018, and was unable to provide a status of the loan modification. The matter was adjourned to June 6, 2018. In the interim, a modified plan was filed on April 18, 2018, which extended the completion date of the loan modification to September 30, 2018. Counsel states that the Confirmation hearing held on June 6, 2018, was adjourned because the Trustee needed more information with regard to the loan modification. Counsel states he disagrees that service was needed. The Trustee's notes for June 6, 2018, August 1, 2018, and October 3, 2018, all state that counsel failed to provide an update on the loan modification status and also failed to perform service of the modified plan on the mortgagee.

Counsel bills 0.1 for the scanning and uploading of loan modification information to the Trustee on June 13, 2018, and July 26, 2018. The document uploaded on June 13, 2018, was blank. The document uploaded on July 26, 2018, was a letter from the mortgagee advising additional information was needed no later than August 19, 2018, in order for the loan modification to be considered. Pursuant to the Trustee's notes for August 1, 2018, and October 3, 2018, no further information regarding the loan modification was provided.

While Counsel's fee application states appearances at the Confirmation hearings held on November 7, 2018, and February 6, 2019, were billed in a previous fee application, the Trustee's believes it is important to note that the Trustee's hearing notes for both dates state that the Trustee previously advised Counsel at the hearing held June 6, 2018, there would be no further adjournments without service on the mortgagee. At the hearing held August 1, 2018, the Trustee advised that it would be the last adjournment, and at the hearing held October 3, 2018, the Trustee advised that the next hearing would be the final adjournment and the drop dead date for the loan modification. After adjourning the Modified Plan

Honorable Jerrold N. Poslusny, Jr.
July 30, 2019

Confirmation hearing five times to allow Counsel time to perform service and provide an update on the loan modification, the Trustee recommended dismissal of Debtor's case on February 6, 2019.  The Trustee agreed to hold the order ten days for a modified plan and/or proof of a loan modification to be provided. There was no change; therefore, an Order Dismissing Case was entered February 20, 2019.

The Trustee believes an appearance at Confirmation absent a complex argument or hearing before the Judge should not exceed a few minutes. The Trustee further believes that Debtor should not be billed for multiple appearances due to Counsel's failure to perform service and failure to provide documents to the Trustee.

As always, the Court is welcome to contact the Trustee with any concerns.

Respectfully submitted,

/s/ Isabel C. Balboa
Isabel C. Balboa
Chapter 13 Standing Trustee

ICB/jpa
cc:     Jenkins & Clayman (Via ECF/CM)
        Dorothy E. Pawling  (Via First Class Mail)

Cherry Tree Corporate Center
535 Route 38
Suite 580
Cherry Hill, NJ 08002
(856) 663-5002

Payments Only:

P.O. Box 1978
Memphis, TN 38101-1978

Page **2** of **2**